UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE ANTONIO REED,<br><br>         Petitioner,<br><br>   v.<br><br>BROOMFIELD, *et al.*,<br><br>         Respondents. | Case No. 2:22-cv-1192-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

     Petitioner Monte Antonio Reed, a state prisoner proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254, in which he contends that (1) the jury instructions related to uncharged criminal conduct violated his Sixth and Fourteenth Amendment right to a due process and a fair trial; (2) his trial counsel was ineffective for not objecting to these instructions; and (3) the imposition of the maximum term of imprisonment, considering the mitigating evidence, violated his Fourteenth Amendment right to due process. ECF No. 1. Respondents have filed an answer, ECF No. 9, and petitioner has filed a traverse, ECF No. 14. After reviewing the pleadings and state court records, I recommend that the petition be denied.

1

**Background**

A jury convicted petitioner, a former high school teacher, of varying sexual crimes against his teenaged students, E., C., and J., specifically: (1) two counts of unlawful intercourse with E., a fifteen-year-old; (2) three counts of oral copulation with E.; (3) sexual penetration with a foreign object of E.; and (4) two counts of lewd and lascivious acts on a fourteen- or fifteen-year-old against C. and J.[1]  ECF No. 8-11 at 1.  The trial court sentenced petitioner to a total term of imprisonment—the maximum—of nine years' imprisonment.  *Id.* at 1, 6.

Petitioner appealed these convictions, and the state appellate court affirmed.  *Id.* at 1-8.  The California Supreme Court declined to review the state appellate court's decision.  ECF No. 1 at 6.  Petitioner has now filed the instant petition for habeas relief.  *Id.*

**Discussion**

**I.      Legal Standards**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition.  *See Harrington v. Richter*, 562 U.S. 86, 97 (2011).  To decide a § 2254 petition, a federal court examines the decision of the last state court to have issued a reasoned opinion on petitioner's habeas claims.  *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) ("Because, here, neither the court of appeal nor the California Supreme Court issued a reasoned opinion on the merits of this claim, we look to the trial court's decision."); *McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010) (reviewing the decision of the court of appeal, which was last reasoned decision of a state court); *Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003) ("Because the California Supreme Court denied review of Gill's habeas petition without

---

[1] Due to the sensitive nature of the charged offenses, I will not recount the specific factual nature of the evidence presented against petitioner at his trial.  I presume the parties are familiar with the facts of this case, making a detailed outline of these facts unnecessary.

2

comment, we look through the unexplained California Supreme Court decision to the last reasoned decision . . . as the basis for the state court's judgment.") (internal quotations omitted).

Under AEDPA, a petitioner may obtain relief on federal habeas claims that have been "adjudicated on the merits in state court proceedings" only if the state court's adjudication resulted in a decision (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II. Analysis

### A. Jury Instructions & Ineffective Assistance of Counsel

Petitioner argues that his constitutional rights were violated by the trial court's jury instructions related to uncharged offenses. ECF No. 1 at 27. He contends that the trial court admitted the other crime evidence for two purposes, but the instructions told the jury that they could not consider the evidence for any purpose, which was inherently contradictory and confusing. *Id.* He contends that this instructional error prejudiced him, as the instructions allowed the jury to misuse important evidence. *Id.* at 29. Petitioner also raises an ineffective assistance of counsel claim based on these instructions, arguing that his counsel performed ineffectively by failing to object to these instructions. *Id.* The state court of appeal rejected these arguments in his direct appeal:

> On appeal, defendant argues the trial court erred by providing the jury with conflicting instructions regarding the use of testimony about uncharged acts and crimes . . .
>
> In addition to the victims of the charged crimes, defendant's former students A., B., and K. also testified . . . .
>
> The jury was instructed based on CALCRIM No. 375 regarding the use of evidence of uncharged acts to prove lack of mistake or accident pursuant to Evidence Code section 1101, subdivision (b):
>
> "The People presented evidence of other acts by the defendant that were not charged in this case, specifically:
>
> > "1. Asking A[.] to kiss him on the cheek, holding her hand, and/or putting his hand on her thigh while the students were watching a video in class.

3

> "2. Making comments about B[.]'s body, placing his hand on her waist and whispering, ["]Does this make you uncomfortable[?"], commenting on a photograph of her body, and/or telling her to ["]hit me up when you turn 18.["]
>
> "3. Telling K[.] that she is his ["]forbidden fruit,["] that she is something he wants that he cannot have, drawing smiley faces on her hand, and/or marking his initials on her body with a Sharpie.

"You may consider this evidence only if:

> "1. The People have proved by a preponderance of the evidence that the defendant, in fact, committed the other acts. [¶] . . . [¶] . . . If the People have not met this burden, you must disregard this evidence entirely.
>
> "And, 2. You all agree that the People have proved that the defendant committed at least one of these acts, and you all agree on which act he committed for each of the charged offenses.

"If you decide that the defendant committed the other acts, you may, but are not required to, consider that evidence for only the limited purpose of deciding whether or not:

> "1. The defendant's actions towards C[.] as charged in Count Eight were the result of mistake or accident.
>
> "2. The defendant's actions towards J[.] as charged in Count Nine were the result of mistake or accident.

"In evaluating this evidence, consider the similarity or lack of similarity between the uncharged acts and the charged offenses. *Do not consider this . . . evidence for any other purpose except for only the limited purpose of determining if the defendant's actions toward C[.] as charged in Count Eight were the result of mistake or accident and/or if the defendant's actions toward J[.] as charged in Count Nine were the result of mistake or accident.*

"If you conclude that the defendant committed any of the uncharged acts, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the crimes charged." (Italics added.)

Later, after being instructed on the elements of the charged offenses, the jury was instructed with CALCRIM No. 1191A on the use of evidence of an uncharged sex offense pursuant to Evidence Code section 1108:

"The People presented evidence in this case that the defendant committed certain offenses that constitute a crime under California law. Specifically:

4

> "1. Asking A[.] to kiss him on the cheek, holding her hand, and/or putting his hand on her thigh while the students were watching a video in class.
>
> "2. Making comments about B[.]'s body, placing his hand on her waist and whispering, ["]Does this make you uncomfortable[?"], commenting on a photograph of her body, and/or telling her to ["]hit me up when you turn 18.["]
>
> "3. Telling K[.] that she is his ["]forbidden fruit,["] that she is something he wants that he cannot have, drawing smiley faces on her hand, and/or marking his initials on her body with a Sharpie.
>
> "The above-referenced offenses of annoying or molesting a child are not charged against the defendant. [¶] The elements of the offense of annoying or molesting a child are as follows:
>
> "1. The defendant engaged in conduct directed at a child.
>
> "2. A normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct.
>
> "3. The defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child.
>
> "4. The child was under the age of 18 years at the time of the conduct.
>
> "It is not necessary that the child actually be irritated or disturbed. [¶] It is also not necessary that the child actually be touched.
>
> "It is not a defense that the child may have consented to the act.
>
> "Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun.
>
> "You may consider this evidence only if:
>
> "1. The People have proved by a preponderance of evidence that the defendant in fact, committed the uncharged offenses. [¶] . . . [¶] If the People have not met this burden of proof, you must disregard the evidence entirely.
>
> "And, 2. You all agree that the People have proved that the defendant committed at least one of these offenses and you all agree on which offense he committed.
>
> "If you decide that the defendant committed the uncharged offenses, you may, but are not required to, conclude for that evidence that the defendant was disposed or inclined to commit sexual offenses[,] and based on that decision[,] also conclude that the defendant was likely to commit and did commit each of the crimes charged in this case.

5

"The People must still prove each charged crime beyond a reasonable doubt.

"*Do not consider this evidence for any other purpose*." (Italics added.)

On appeal, defendant argues the language in each instruction directing the jury to use that evidence only for the specified purpose and no other was contradictory, confusing, and therefore improper. (*See People v. Lewelling* (2017) 16 Cal.App.5th 276, 299 ["Numerous cases have held that giving instructions that are contradictory or so inconsistent to confuse the jury was reversible error"].) Alternatively, defendant argues that by failing to request this language be clarified, his counsel rendered ineffective assistance. Rather than decide the forfeiture issue, we reach the merits, because they are dispositive of both alternative contentions.

"We must consider whether it is reasonably likely that the trial court's instructions caused the jury to misapply the law. [Citations.] '[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction.'" (*People v. Carrington* (2009) 47 Cal.4th 145, 192.)

The People assert there was no contradiction because the instructions referred to "different evidence and different counts." That is perhaps an oversimplification of the issue. While it is true that one instruction referred to uncharged acts and the other to uncharged offenses, each instruction described the same alleged incidents involving A., B., and K. Nonetheless, each instruction requires findings by the jury before allowing and setting forth a specific use of this evidence and then ending by clarifying that the evidence can be used for no other purpose. Read as a whole, the instructions convey these points, and we cannot conclude it is reasonably likely that the jury misunderstood and misapplied the instructions.

Nor has defendant demonstrated any potential confusion in the instructions that would have been detrimental to him such that the alleged error could have been prejudicial. Defendant argues the jurors may have "understood the need to violate the instructions and use the evidence for two separate limited purposes. Alternatively, the jury may have followed the court's directions as to one or the other instructions, and used the evidence for only one or the other of the two limited purposes, and for no other purpose." Either way, he argues the jury did not follow the law and therefore we may no longer follow the rule that "[j]urors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions." (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) Rather, defendant suggests we must now assume a jury viewing two admonitions not to consider evidence for any other purpose might then reconcile them by considering the evidence for a purpose not expressly permitted by either instruction. We disagree. We do not view that as a reasonably likely response to two admonitions not to use the evidence for a purpose other than

6

> the purpose specified. To the extent this repetition was imperfect, it did the defendant the service of emphasizing the jury's limited ability to use the evidence even if it found the necessary prerequisites true by a preponderance of the evidence. We are not persuaded that the instructions read together created confusion to the prejudice of defendant.

ECF No. 8-11 at 1-6.

Petitioner's claims should be denied. As an initial matter, claims of instructional error are questions of state law and are not cognizable on federal habeas review. *See Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005) ("The court's determination that this instruction was not appropriate . . . resulted from interpretation of state law. Any error in the state court's determination of whether state law allowed for an instruction in this case cannot form the basis for federal habeas relief."). "[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.")). Importantly, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Romero v. Cal. Dep't of Corr. and Rehab.*, 405 F. App'x 208, 211 (9th Cir. 2010) ("The California Court of Appeal's conclusion that the instructions were adequate as a matter of state law binds us."); *Gonzalez v. Gonzalez*, 394 F. App'x 415, 415 (9th Cir. 2010) ("The California Court of Appeal's conclusion that there was no instructional error is a binding interpretation of state law.").

A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (citing *Melugin v. Hames*, 38 F.3d 1478, 1482 (9th Cir. 1994)). To prevail on a collateral attack of state-court jury instructions, a petitioner must do more than prove that the instruction was erroneous. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The petitioner must prove that the improper instruction "by itself so infected the entire trial that the resulting conviction violated due process." *Estelle*, 502 U.S. at 72 (internal citations omitted). Even if there were constitutional error, habeas

7

1  relief cannot be granted absent a "substantial and injurious effect" on the verdict. *Brecht v.*
2  *Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776
3  (1946)). A state prisoner is not entitled to federal habeas relief unless the instructional error
4  resulted in "actual prejudice." *Id.* If the court is convinced that the error did not influence the
5  jury, or had little effect, the judgment should stand. *See O'Neal v. McAninch*, 513 U.S. 432, 437
6  (1995).

7        A federal court's review of a claim of instructional error is highly deferential. *See*
8  *Masoner v. Thurman*, 996 F.2d 1003, 1006 (9th Cir. 1993). A reviewing court may not judge the
9  instruction in isolation but must consider the context of the entire record and of the instructions as
10 a whole. *See id.* The mere possibility of a different verdict is too speculative to justify a finding
11 of constitutional error. *See Henderson*, 431 U.S. at 157.

12       Petitioner's main argument is that the jury instructions were improperly contradictory.
13 ECF No. 1 at 25-29. But the fact that a state jury instruction may have been improper under state
14 law is not a basis for habeas relief. *See Estelle*, 502 U.S. at 71-72. Moreover, the state appellate
15 court determined that the instruction was not improperly contradictory, and this finding is binding
16 upon this court. *See Bradshaw*, 546 U.S. at 76. To proceed with such a claim, petitioner would
17 need to show that the instruction infected the entire trial such that his conviction violates due
18 process, *see Estelle*, 502 U.S. at 72, but petitioner cannot make this showing. The evidence
19 against petitioner fully supports his convictions, and it is unlikely that any potential jury
20 instruction error on this point infected his trial to a point his convictions violate due process, *see*
21 *id.*, or actually prejudiced him, *Brecht*, 507 U.S. at 637.

22       Similarly, petitioner's claim that his counsel performed ineffectively for failing to object
23 to these instructions should be denied. "Unless petitioner can demonstrate that the jury
24 instructions given by the trial court violated due process, he cannot show that defense counsel
25 was ineffective for failing to object to the jury instructions." *Klavana v. California*, 911 F. Supp.
26 1288, 1296 (C.D. Cal. 1995) (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985)).
27 Moreover, an ineffective assistance of counsel claim based on counsel's failure to object to a jury
28 instruction requires the petitioner to show he was prejudiced by that failure. *James v. Borg*, 24

F.3d 20, 27 (9th Cir. 1994). Based on the above analysis, petitioner cannot demonstrate that his counsel performed deficiently by failing to object to the instructions, nor can he demonstrate that he was prejudiced by that failure. As such, petitioner's claims based on the jury instructions related to uncharged offenses should be denied.

### B. Sentencing

Petitioner also argues that the trial court's imposition of the maximum sentence, considering the mitigating evidence presented, violates his right to due process. ECF No. 1 at 29-31. The state appellate court rejected this argument in petitioner's direct appeal:

> A trial court's sentencing decision is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.] Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."'" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.) "[A] trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.'" (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.)
>
> Defendant acknowledges that a single factor in aggravation may justify an upper term sentence. (*People v. Yim* (2007) 152 Cal.App.4th 366, 369.) Here, the trial court noted several aggravating factors relating to the crimes, including that defendant took advantage of a position of trust or confidence to commit the crime, the vulnerability of the victims, and that the manner in which the crimes were carried out demonstrated sophistication. (See Cal. Rules of Court, rule 4.421, (a)(3), (8), (11).) Nonetheless, defendant argues the aggravating factors cited by the court could not outweigh the mitigating factors, including his lack of criminal record, the many letters submitted on his behalf, and the fact he received a score of zero on the Static-99R, which is an actuarial measure of risk for sexual offense recidivism.
>
> At sentencing, the court summarized 40 individual letters of character reference submitted on defendant's behalf. The court also noted that it had read the additional letters that had been submitted that had been written in support of defendant for a teacher of the year award. As the court later explained, "[a]ll I see in this case is tragedy, a lot of tragedy. Tragedy for the victims, tragedy for their families, their friends. I don't know that the victims will ever recover. [¶] I see tragedy for the Defendant's family, his sons, and his wife. But the evidence was overwhelming in this case and the

9

> jury returned a verdict that is supported by all the evidence that was presented. [¶] So as I had indicated that [defendant] is eligible for probation, I have considered that he has no prior record. [¶] He has led a productive life and I have considered all the letters of reference and the additional materials that were made available. [¶] But after consideration of [California Rules of Court,] Rule 4.414(a)(9), and in light of the evidence in this case which showed that the Defendant took advantage of a position of trust and confidence to commit these offenses against vulnerable people, the Court has decided not to order a grant of probation." The court then pronounced the 9-year sentence in this case, explaining it had chosen the upper term for count one for the reasons previously stated. The trial court did not fail to give the mitigating factors proper consideration. Rather, the court did not believe that all the mitigating factors, such as the good defendant did as an otherwise exemplary and dedicated teacher, could mitigate the aggravating factors, such as the fact that he used that position to find his victims and commit these crimes. There was no abuse of discretion.

ECF No. 8-11 at 6-7.

Petitioner's claim that his maximum sentence violates due process should be denied. Under California law, the imposition of a maximum term of imprisonment is within the court's discretion, and it does not depend on the finding of any aggravating factors. *Butler v. Curry*, 528 F.3d 624, 652 n.20 (9th Cir. 2008). An abuse of discretion, standing alone, does not amount to a denial of due process. *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981) ("Violations of state law, without more, do not deprive a defendant of due process."). Instead, to amount to a due process violation, the abuse of discretion must render the challenged decision arbitrary or fundamentally unfair. *Id.*

As the state appellate court recounted, the trial court considered the mitigating evidence petitioner put forth, but it nevertheless determined that the aggravating circumstances of the case weighed in favor of imposing the maximum term of imprisonment. ECF No. 8-11 at 6-8. The trial court was well within its discretion to make this determination. *See Butler*, 528 F.3d at 652 n.20. Moreover, the imposition of the maximum term of imprisonment was not arbitrary or fundamentally unfair as to amount to a due process violation because of the trial court's explicit acknowledgement and consideration of the mitigating and aggravating factors. As such, petitioner cannot demonstrate that the state court's decision on this issue is contrary to, or an unreasonable application of, federal law, and it should be denied.

Accordingly, it is hereby RECOMMENDED that:

1. The petition, ECF No. 1, be DENIED;

2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

3. The Clerk of Court be directed to close this case and to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

11